IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| NUTRIEN AG SOLUTIONS, INC., | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | CASE NO.   2:26-cv-00289 |
| | ) | |
| BRET S. DALRYMPLE; | ) | |
| KIMBERLY D. DALRYMPLE; and | ) | |
| DALRYMPLE FARMS, GP | ) | |
| | ) | |
| **Defendants.** | ) | |

## COMPLAINT
_____

Nutrien Ag Solutions, Inc., a Delaware corporation ("Nutrien"), by and through its undersigned attorney, brings this action against Bret S. Dalrymple ("Bret Dalrymple"), Kimberly D. Dalrymple ("Kimberly Dalrymple"), and Dalrymple Farms, GP (collectively, "Defendants") as follows:

## PARTIES

1.    Nutrien is a citizen of Delaware as it is a Delaware corporation and a citizen of Colorado as its principal place of business is in Loveland, Colorado, and it is registered to do business in the State of Alabama.

2.    Bret Dalrymple, is, upon information and belief, over the age of 19 years, and a citizen of Alabama because he is domiciled in Coffee County, Alabama, and may be served at 55 County Road 720, Enterprise, AL 36330.

1

3.      Kimberly Dalrymple, is, upon information and belief, over the age of 19 years, and a citizen of Alabama because she is domiciled in Coffee County, Alabama, and may be served at 55 County Road 720, Enterprise, AL 36330.

4.      Dalrymple Farms, GP is an Alabama General Partnership. The citizenship of a general partnership is determined by the citizenship of its partners. *See Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1089 (11th Cir. 2010) (quoting *Indiana Gas Co. v. Home Ins. Co.*, 141 F.3d 314, 317 (7th Cir. 1998)) (holding that general partnerships "are treated as citizens of every state of which any partner . . . is a citizen."). Based upon reasonable investigation, the partners of Dalrymple Farms, GP are Bret Dalrymple, Kimberly Dalrymple, Bull Branch Farm, LLC, and 3-D Farm, LLC or may be served by serving one of its general partners.

Bull Branch Farm, LLC is an Alabama Limited Liability Company whose sole member is Bret Dalrymple. 3-D Farm, LLC is an Alabama Limited Liability Company whose sole member is Kimberly Dalrymple. The citizenship of a limited liability company is determined by the citizenship of its members. *See Rolling Greens, MHP, L.P, v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) (holding that "a limited liability company is a citizen of any state of which a member of the company is a citizen.").

Accordingly, Bret Dalrymple, Kimberly Dalrymple, Bull Branch Farm, LLC, and 3-D Farm, LLC are all citizens of Alabama. Dalrymple Farms, GP is therefore

a citizen of Alabama and may be served at c/o Michelle R. Michelle, Registered Agent, 109 Red Wing Drive, Enterprise, Alabama 36330.

## JURISDICTION AND VENUE

5.    Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between Nutrien and Defendants, and the amount in controversy, exclusive of interest and costs, exceeds $75,000.00, as set forth below.

6.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as a substantial part of the events giving rise to the claim occurred in the Middle District of Alabama and Defendants reside and does business in the Middle District of Alabama.

## STATEMENT OF FACTS

7.    Nutrien adopts and incorporates by reference Paragraphs 1 through 6 above as if fully set forth herein.

8.    On March 2, 2022, Bret Dalrymple, on behalf of Dalrymple Farms, entered into a Credit Agreement (the "Credit Agreement") for Nutrien to provide and deliver goods and services for their farming operation. Bret and Kimberly Dalrymple each executed a guaranty of all amounts due to Nutrien under the Credit Agreement. In connection with the Credit Agreement, Bret Dalrymple represented

3

that Dalrymple Farms is a general partnership. A true and correct copy of the Credit Agreement is attached hereto as Exhibit A[1].

9.      At various times, Defendants ordered goods and services from Nutrien. Subsequently, Defendants became delinquent in payment for the goods and services and has failed and/or refused to pay the balance owed under the Credit Agreement as of this date. Because of the existing default, Nutrien has elected to accelerate all amounts borrowed under the Credit Agreement to be immediately due and payable.

10.     In the event of default, Defendants agreed to pay Nutrien's reasonable attorney's fees, plus all costs and expenses of collection.  As such, attorney's fees, expenses, and costs are hereby claimed and demanded.

11.     On March 30, 2026, Nutrien demanded payment for the full balance by way of a demand letter, but payment was not received, and Defendants did not dispute the amount owed. A  true and correct copy of the Demand Letter is attached hereto as Exhibit B.

12.     The total balance owed under the Credit Agreement is $223,457.87, as of March 30, 2026, plus interest that has accrued and will continue to accrue until a judgment in favor of Nutrien is rendered.

---

[1] Pursuant to Fed. R. Civ. P. 5.2, Nutrien has redacted some personal identifier information that appears on the Contract.

4

## COUNT I

## BREACH OF CONTRACT

13.    Nutrien adopts and incorporates by reference Paragraphs 1 through 12 above as if fully set forth herein.

14.    Nutrien substantially performed its contractual obligations under the Credit Agreement. However, Defendants failed and/or refused to pay the balance owed.

15.    Under the terms of the Credit Agreement, Defendants agreed to pay Nutrien for goods and services provided by Nutrien for their farming operation.

16.    Due to Defendants' default and breach of the Credit Agreement, Defendants are liable for damages in the total amount of their account balance, plus finance charges and interest accruing through the date of judgment, and payment of all costs of collection incurred by Nutrien, including reasonable attorney's fees and expenses related to this action.

WHEREFORE, the premises considered, Nutrien demands judgment against Defendants in the amount of $223,457.87, plus pre-judgment interest that shall continue to accrue until judgment in favor of Nutrien is rendered, attorney's fees and costs, and any such other relief the Court may award.

## COUNT II

## OPEN ACCOUNT

17. Nutrien incorporates by reference paragraphs 1 through 16 above as if fully set forth herein.

18. Defendants opened an account with Nutrien whereby Nutrien would provide goods and services for their farming operation and promised to pay all amounts supplied on open account.

19. Subsequently, Defendants ordered goods and services from Nutrien on the resulting open account at various times.

20. Defendants have failed and/or refused to pay the amounts owed on the account in accordance with the terms and conditions of the Agreement.

WHEREFORE, the premises considered, Nutrien demands judgment against Defendants in the amount of $223,457.87, plus pre-judgment interest that shall continue to accrue until judgment in favor of Nutrien is rendered, attorney's fees and costs, and any such other relief the Court may award.

## COUNT III

## ACCOUNT STATED

21. Nutrien adopts and incorporates paragraphs 1 through 20 above as if fully set forth herein.

6

22.    Defendants owe Nutrien $223,457.87 on an account stated between Nutrien and Defendants, plus additional interest/finance charges that shall continue to accrue until a judgment in favor of Nutrien is rendered,  and attorneys' fees and costs on an account stated between Nutrien and Defendants.

WHEREFORE, the premises considered, Nutrien demands judgment against Defendants in the amount of $223,457.87, plus pre-judgment interest that shall continue to accrue until judgment in favor of Nutrien is rendered, attorney's fees and costs, and any such other relief the Court may award.

## COUNT IV

## GOODS SOLD AND DELIVERED

23.    Nutrien adopts and incorporates paragraphs 1 through 22 as if the same were set forth herein.

24.    Defendants ordered goods from Nutrien for their farming operation.

25.    Nutrien sold and delivered those goods to Defendants as requested.

26.    Defendants have failed and/or refused to pay for those goods and Nutrien has been damaged as a result.

WHEREFORE, the premises considered, Nutrien demands judgment against Defendants in the amount of $223,457.87, plus pre-judgment interest that shall continue to accrue until judgment in favor of Nutrien is rendered, attorney's fees and costs, and any such other relief the Court may award.

7

Respectfully submitted this 24th day of April, 2026.

s/ Patrick L. W. Sefton
Patrick L. W. Sefton (ASB-8341-N47P)
Kazia J. Hale (ASB-1232-M00F)
Attorneys for Nutrien Ag Solutions, Inc.

OF COUNSEL:
CAPELL & HOWARD, P.C.
P. O. Box 2069
Montgomery, AL 36102-2069
Telephone: (334) 241-8000
Email:  pat.sefton@chlaw.com
        kazia.hale@chlaw.com

8

## **CLERK**

Nutrien will serve Defendants by private process server at the following address:

Bret S. Dalrymple
55 County Road 720
Enterprise, AL 36330

Kimberly D. Dalrymple
55 County Road 720
Enterprise, AL 36330

Dalrymple Farms, GP
c/o Michelle R. Michelle
109 Red Wing Drive
Enterprise, AL 36330

/s/Patrick L.W. Sefton
*Of Counsel*